UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALAN TIKAL** | : | **DOCKET NO. 2:21-cv-03925** |
| **REG. # 69252-097** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN MA'AT** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [doc. 1] by pro se petitioner Alan Tikal. Tikal is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO").

This petition has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and this matter be **DISMISSED WITHOUT PREJUDICE**.

### I.
#### BACKGROUND

On April 10, 2020, petitioner was found guilty of possessing a hazardous tool and was sanctioned by the Disciplinary Hearing Officer (DHO). Doc. 1, att. 2, p. 5. Through the instant suit, he seeks to have his disciplinary record expunged due to fact that there was a fourteen-month delay, until June 11, 2021, in receiving the DHO report. *Id.*

## II.
## LAW & ANALYSIS

### A. *28 U.S.C. § 2241*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny credit for time served is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson,* 112 S.Ct. 1351, 1353–54 (1992); *see also United States v. Jack*, 566 Fed. App'x 331, 332 (5th Cir. 2014). The federal sentencing court thus has no authority to designate or calculate credit for time spent in jail prior to the commencement of a federal sentence. *See, e.g., Wilson,* 112 S.Ct. at 1353–54. A district court may review a challenge to the BOP's refusal to grant credit for time served or make a nunc pro tunc designation through a § 2241 petition, but only after the BOP has made a final decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

The BOP, which administers the prison in which petitioner is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id*.

Exceptions to the exhaustion requirement apply only in extraordinary circumstances, and a § 2241 petition should be dismissed without prejudice when the petitioner fails to exhaust his administrative remedies.[1] *Castano v. Everhart*, 235 Fed. App'x 206, 207–08 (5th Cir. 2007); *see also Pierce,* 614 F.3d at 160 (district court did not have jurisdiction to rule on § 2241 petition before BOP had made determination of petitioner's sentencing credit). Exhaustion means "proper exhaustion," including compliance with all administrative deadlines and procedures. *Woodford v. Ngo*, 126 S.Ct. 2378, 2385 (2006).

### B. Application

Petitioner does not challenge the constitutionality of the disciplinary proceedings; rather, he alleges that his constitutional rights were violated as a result of prison officials failing to provide him with a copy of the DHO report in a timely manner.

First, the record establishes that Petitioner did not properly exhaust, as he did not comply with all administrative procedures. On June 22, 2021, petitioner filed an Informal Resolution Form, requesting that his disciplinary record be expunged due to the delaying in providing the DHO report. Doc. 1, att. 2, p. 7. He was informed that he must filed a Regional Appeal. *Id*. On July 19, 2021, Petitioner filed a Regional Administrative Remedy Appeal. *Id*. at p. 4. The appeal was rejected on July 29, 2021, as untimely. *Id*. at p. 3. Petitioner was informed that "regional appeals must be received within 20 days of the Warden/CCM response or receipt of the DHO report." *Id.* Petitioner was instructed to provide staff documentation for the reason for the delay and to resubmit. *Id*.

---

[1] The Supreme Court holds that failure to exhaust must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"). *Jones v. Bock*, 127 S.Ct. 910 (2007). However, the PLRA does not apply to federal habeas proceedings and nothing in *Jones* prohibits the sua sponte dismissal of a § 2241 petition of exhaustion grounds. *See, e.g., Callahan v. Young*, 2013 WL 3346842 at *2 n. 2 (W.D. La. Jul. 2, 2013); accord *Wy v. Berkebile*, 2008 WL 5262711 at *2 n. 2 (N.D. Tex. Dec. 17, 2008) (citing *Korobov v. Angeli*, 2008 WL 2787874 at *1 (M.D. Pa. Jul. 17, 2008)).

Rather than resubmitting his Regional Appeal with the proper documentation, petitioner, on August 24, 2021, signed an appeal with the Central Office [*id*. at p. 2], received by that office on September 7, 2021. This appeal was rejected on September 28, 2021, for the same reasons as the Regional Appeal. *Id*. at p. 1.

It is clear from the foregoing that petitioner has failed to properly exhaust his administrative remedies regarding the DHO rehearing, as his complaints relating to these issues have all been rejected because of filing defects. Thus, as petitioner has failed to exhaust administrative remedies on the claims raised in the instant petition and has failed to establish any exceptions that would apply to excuse his failure to exhaust, his petition is subject to dismissal without prejudice for failure to exhaust administrative remedies.

While it is well-established that prisoners are entitled to written records and notice in disciplinary proceedings to adequately defend themselves against constitutional violations, "before [a federal court] will issue a writ of habeas corpus, the petitioner must demonstrate that he has suffered some prejudice as a result of the alleged constitutional violation...." *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993) (citing *Brown v. Collins,* 937 F.2d 175, 182 (5th Cir.1991) and *Clark v. Maggio*, 737 F.2d 471, 475-76 (5th Cir.1984)) (internal quotations omitted). While there was delay in sending Petitioner a copy the DHO report, he has not shown any prejudice as a result of that delay. He was given the opportunity to file his appeals with the proper documentation but failed to do so. Accordingly, the Court concludes that petitioner has not been prejudiced by the delay in his receiving the DHO's report. *See Thomas v. Upton*, No. 13-cv-102, 2015 U.S. Dist. LEXIS 165826 (W.D. La. Sep. 2, 2015).

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the petition be **DENIED** and this matter be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 5th day of May, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE